**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LOUGENA STALEY COCKERHAM,
Plaintiff-Appellant,

v.

BUTTKE DAIRY, INCORPORATED; JEFF
KIMBALL, Individually, and as an

No. 96-1520

agent of Buttke Dairy, Incorporated;
GEORGE MORGAN, individually, and
as an agent of Buttke Dairy,
Incorporated,
Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, Sr., District Judge.
(CA-95-78-2)

Submitted: May 29, 1997

Decided: June 11, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Angela Newell Gray, GRAY, NEWELL & JONSON, L.L.P., Greens-
boro, North Carolina, for Appellant. Julie C. Theall, Alexander L.
Maultsby, SMITH, HELMS, MULLIS & MOORE, L.L.P., Greens-
boro, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lougena Staley Cockerham appeals the district court's order granting summary judgment in favor of the Defendants in this civil rights action alleging, among other claims, a violation of the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k) (1994). On appeal, Cockerham asks this court to review only whether the district court erred in concluding that she had failed to present sufficient evidence of pretext in the Defendants' articulated reason for her termination. Because we find no error in the district court's determination, we affirm.

Buttke Dairy employed Cockerham as a first-shift milker intermittently over a period of years. Shortly after Cockerham learned she was pregnant she informed her supervisor. That week, she left early complaining of sickness associated with her pregnancy. The next week, when Cockerham failed to report for work as scheduled without notice, she was contacted and informed that she was no longer employed and would need to re-apply in order to continue employment with the dairy. Cockerham did not respond for nine days. By that time, the dairy had filled her position and was unwilling to rehire her. This suit followed.

The district court concluded that Cockerham presented sufficient evidence to establish a prima facie case of discrimination, see McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), but also held that the Defendants had produced a legitimate, nondiscriminatory reason for the actions they took relative to her employment. Id. at 802. Once the defendant has articulated a legitimate non-discriminatory explanation for the adverse action, the plaintiff must show by a preponderance of the evidence that the employer's asserted justification for taking adverse employment action was merely pretextual, and "that discrimination was the real reason" behind the adverse

2

employment action. <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 515 (1993); <u>see also Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 256 (1981). It is at this stage of the analysis Cockerham assigns error to the district court's reasoning. She contends that genuine issues of material fact remain regarding whether she established that the proffered reason for the Defendants' actions relative to her employment was merely pretextual.

Cockerham claims that the district court overlooked the dispute with regard to whether she voluntarily left the employ of the Defendants, and whether they acquiesced in her failure to report to work. However, neither of these claims relate to whether the Defendants proved that they had a legitimate, nondiscriminatory reason for the actions they took concerning Cockerham's position. <u>Burdine</u>, 450 U.S. at 256. Moreover, we find the record to be devoid of evidence establishing that the reason proffered by the employer for failing to retain Cockerham's job when she failed to report for work and/or in refusing to rehire Cockerham after her position had been filled by another individual were merely pretextual.

Accordingly, we affirm the district court's grant of summary judgment in favor of the Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3